IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BOBBY GENE GLOVER, JR., | ) | No. C 07-2731 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| M. EVANS, WARDEN, | ) | (Docket Nos. 2, 4, 8) |
| Defendant. | ) | |

Plaintiff, an inmate incarcerated at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 based on the failure of Officer Castillo at that prison to provide him with a vegetarian meal in compliance with his special religious diet during the morning meal on April 14, 2007. He has also filed a motion to proceed *in forma pauperis* which is GRANTED in a separate order filed simultaneously (docket nos. 2, 4).

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claim

In this case, Plaintiff has sued the Warden of Salinas Valley State Prison, based on the failure of Officer Castillo to bring the proper vegetarian meal at the morning meal on April 14, 2007. Plaintiff complains that he is a vegetarian and that Officer Castillo "oppressed me by not feeding me[.]" He apparently seeks damages and prosecution of this officer.

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary diet of Nutraloaf, which exceeds inmate's daily nutritional requirements, does not violate 8th Amendment).

However, although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (8th Amendment excludes from constitutional recognition de minimis uses of force); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir.) *amended*, 75 F.3d 448 (9th Cir.1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), *judgment vacated on other grounds*, 493 U.S.

801 (1989); *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable).

In this case, where Plaintiff alleges that he was not provided with a vegetarian meal tray in compliance with his special religious diet on one occasion, the alleged conduct does not rise to the level of a constitutional violation. As such, Plaintiff's complaint fails to state a claim under § 1983 and must be DISMISSED. Based on this dismissal, Plaintiff's motion seeking appointment of counsel is DENIED as moot (docket no. 4).

**CONCLUSION**

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: October 15, 2007

<u>                                          </u>
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BOBBY GENE GLOVER JR,

    Plaintiff,

  v.

M EVANS et al,

    Defendant.
                              /

Case Number: CV07-02731 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bobby Gene Glover
K46066
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: October 15, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk